RECEIVED
IN ALEXANDRIA, LA.
DEC 0 8 2009
TONY R. MOORE CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ERICA OWENS, o/b/o J.G.O., A MINOR | CIVIL ACTION NO. 08-1635 |
| VERSUS | JUDGE TRIMBLE |
| MICHAEL J. ASTRUE, COMMISSIONER, SSA | MAGISTRATE JUDGE KIRK |

## MEMORANDUM JUDGMENT

Before the court is the report and recommendation ("R&R") of the magistrate judge recommending that the final decision of the Commissioner denying supplemental security income benefits to plaintiff be affirmed.[1] The record contains timely objections by plaintiff, which we consider below.[2]

Plaintiff first objects to the magistrate judge's R&R on the basis that the record contains no written waiver of plaintiff's right to appear at the hearing before the administrative law judge ("ALJ").[3] Plaintiff next alleges that the ALJ's decision to declare plaintiff and her minor son as non-essential witnesses is contrary to the current HALLEX Ruling, which allows for an ALJ to find a constructive waiver when plaintiff is not present, but does not require the ALJ to find that an absent

---

[1] R. 17.

[2] R. 18.

[3] Id. at pp. 1-2.

1

plaintiff is a non-essential witness for purposes of the hearing.[4] Plaintiff also alleges that the failure of plaintiff's non-attorney representative to object to the ALJ's finding that plaintiff and her son were non-essential witnesses does not cure the error created by such finding.[5] Plaintiff alleges that the magistrate judge erred in affirming the Commissioner's ruling because of these appearance-related defects.

We have reviewed the most recent transcript in this case and find that the ALJ did, in fact, find constructive waiver of the right of plaintiff to be present at the hearing. At page 173 of the transcript, the ALJ states, in part

> [i]n an off-the-record discussion with Ms. Ferrier, the conclusion was reached that even if we rescheduled the hearing, that the same transportation problems would always be an issue. So what we are going to do is to go ahead and declare the claimant and his mother to be non-essential witnesses, **basically a waiver of the right to appear at the hearing** and the case will decided based on the information that is contained...in the file. (emphasis added)

The procedural history of this case is important. Plaintiff's hearing was originally scheduled for August 23, 2007. The record discloses that plaintiff failed to appear at that hearing, despite signing acknowledgment of the receipt of notice of hearing, dated August 3, 2007.[6] At that time, the ALJ noted that correspondence from plaintiff indicated that plaintiff has no transportation and would need an advance of travel costs in the amount of $55 to cover cab fare from her home to the

---

[4] Id. at pp. 2-5.

[5] Id. at pp. 5-6.

[6] Tr. at p. 182.

2

hearing.[7] Noting that it was unclear whether or not plaintiff had been advised that travel costs were not advanced, but reimbursed in situations like hers, the ALJ found plaintiff's absence to be with good cause and ordered that the hearing be postponed and rescheduled.[8]

Plaintiff's hearing was next scheduled for September 17, 2007 and the record reveals that plaintiff again failed to appear, despite having signed an acknowledgment of notice.[9] The court again noted evidence in the record demonstrating that plaintiff requested advancement of travel costs, which the court does not provide unless travel is more than 75 miles.[10] The court dismissed the case based on plaintiff's failure to appear.[11]

In a ruling dated December 18, 2007, the Social Security Appeals Council found that plaintiff was not properly informed of the court's policy concerning travel expenses and of the possibility, should she persist in failing to appear for the hearing, of a decision on the record without benefit of hearing.[12] The Appeals Council then remanded the matter to the ALJ for another opportunity for a hearing.[13]

Given the ALJ's finding of constructive waiver and the plaintiff's failure to ensure her

---

[7] Id.

[8] Id. at pp. 182-83.

[9] Id. at p. 178.

[10] Id. at pp. 178-79 ("There is a note in the...file indicating that they would need advanced travel costs. However, the problem is, we don't provide advance of travel cost and we don't provide travel costs for our claimant's /sic/ who are within a reasonable distance of the hearing office and the address for Ms. Owens is less than the required distance to provide travel funds."

[11] Id.

[12] Id. at p. 40-41.

[13] Id.

presence or that of her son at any of the three (3) hearings granted her, along with the assurance of plaintiff's non-attorney representative that the same transportation issues would persist despite rescheduling,[14] the court finds that the magistrate judge correctly affirmed this portion of the Commissioner's decision.

Plaintiff next alleges that it was error for the magistrate judge to affirm the Commissioner's decision because the ALJ failed to fully and fairly develop the facts which resulted in prejudice to her claim. Specifically, plaintiff points out that the ALJ failed to order additional psychological testing as recommended by Dr. Nicole F. Lanclos, the Commissioner's examining psychological consultant. Plaintiff submitted, along with her appeal brief, new evidence in the form of a psychological evaluation by Dr. Jerry L. Whiteman.[15] We agree with the magistrate judge's finding that, since no other evidence of J.G.O.'s I.Q. was available, this new evidence is material and its lack of inclusion in prior proceedings is with good reason. We also agree that the ALJ's failure to order additional testing based on the recommendation of Dr. Lanclos was error.

The court has reviewed the record and must also agree with plaintiff that the ALJ's failure to order additional Intellegence Quotient ("I.Q.") testing did result in prejudice to plaintiff's claim. The record clearly indicates a finding of two (2) severe impairments by the ALJ: (1) a depressive disorder and (2) a history of left knee injury.[16] Plaintiff correctly argues that, while J.G.O.'s I.Q.,

---

[14]The court notes that plaintiff's objections do not contain any assurance by counsel that plaintiff has now been apprised of the policy concerning advancement of travel costs or that, should a hearing be rescheduled, plaintiff will ensure her presence and that of her son. However, given plaintiff's history of absenteeism, the court instructs that no further opportunities for hearing will be granted, should plaintiff again fail to appear before the ALJ.

[15]R. 10-1.

[16]Tr. at p. 17-18.

4

reported by Dr. Whiteman as 72, exceeds the maximum of 70 contained in Listing 12.05(C), such evidence, when coupled with the two (2) severe impairments of depression and knee injury, would enable a finding of medical equivalency. Taking as true the magistrate judge's finding that plaintiff's depression would be sufficient to effectively lower his I.Q. into the 60 - 70 range, we must find that the magistrate erroneously concluded that no additional impairment was available to result in medical equivalency, since, again, the record clearly supports a finding of a second knee injury impairment.

In accordance with our findings above, it is hereby

**ORDERED, ADJUDGED** and **DECREED** that the above captioned matter is **REMANDED** to the ALJ for further proceedings in order to determine medical equivalency pursuant to the SSA Program Operational Manual,[17] which requires that such determination be made after receipt of evidence from a medical consultant. Should the medical consultant find that plaintiff's two (2) severe impairments, when coupled with his I.Q. score of 72, are medically equivalent to Listing 12.05, the court instructs that the ALJ should then calculate the benefits due plaintiff. If, however, no finding of medical equivalency is made, plaintiff's benefits shall be denied accordingly. It is further

**ORDERED, ADJUDGED** and **DECREED** that plaintiff shall be granted no further opportunity for hearing, should she again fail to appear for the rescheduled hearing ordered in this judgment. Counsel for plaintiff shall ensure that plaintiff understands her responsibilities with respect to the hearing process and the consequences of any future failure to appear.

Accordingly, the undersigned affirms the findings contained with the magistrate judge's R&R

---

[17] Social Security Administration Program Operational Manual System §§ DI-24515-056.

in part and rejects them, in part.

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this 8th day of December, 2009.

                                                  JAMES T. TRIMBLE, JR.
                                          UNITED STATES DISTRICT JUDGE