UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

ERICA OWENS                                        CIVIL ACTION 08-1635

VERSUS                                             U.S. DISTRICT JUDGE TRIMBLE

MICHAEL J. ASTRUE,                                 U.S. MAGISTRATE JUDGE  KIRK
    Commissioner

REPORT AND RECOMMENDATION ON ATTORNEY FEES

In this case, plaintiff asks the court for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. 2412(d), hereinafter "EAJA" [**Doc. # 22**].  The government's position in this case was not substantially justified.

The EAJA provides in relevant part that the amount of fees awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." §2412(d)(A)(ii).

The $125.00 rate can certainly be exceeded if the court determines that a higher fee is justified by inflation.  However, "a district court, in its discretion, may determine that a fee below the established ceiling is a reasonable attorney's fee award based on the facts of a particular case." <u>Hall v. Shalala</u>, 50 F.3d 367, 370 (5th Cir. 1995).  In other words, the court is not required to use the maximum inflation adjusted rate or even to award the statutory rate.  The rate to be applied is to be based upon prevailing market rates subject to a statutory cap; the cap is not the baseline.

I find that, in this case in the relevant legal community, a fee of $150.00 per hour is a reasonable attorney fee and serves the goals of the EAJA by helping to ensure an adequate source of representation in social security appeals and minimizing the cost of that representation to the taxpayers.  The award also serves to maintain consistency among the judges in this district. See Magistrate Judge Hayes' excellent analysis in <u>Williams v. Astrue</u>, docket number 07-2124 on the docket of the Monroe Division of this court. This District has adopted $150 as presumptively reasonable in cases under the Act.

Claimant's attorney has requested payment for a total of 7 hours legal work totaling $1,050.

In addition, the attorney's paralegal, who apparently performed almost all of the legal work done in this case, billed 47.75 hours, a total to which the government does not object. However, plaintiff seeks an hourly fee of $120 for paralegal work. This is clearly excessive and is not justified, especially considering that, until recently, this court awarded $125 per hour for *attorneys*' work. Instead, this court has ordinarily recently awarded $65 per hour for paralegal time, a sum I find is reasonable and furthers the goals of the Act. Claimant argues that this particular paralegal is exceptionally experienced in social security work. While that may well be true, it is not necessary to pay more than $65 per hour in order to obtain qualified paralegal talent who is competent in social security work. Indeed, this court sees it in most of the cases before us on the attorney fees issue. The total which should be awarded is $3103.75 (47.75 x $65).

Finally, plaintiff seeks reimbursement of $250 in expenses. The government objects, pointing out that she fails to itemize the expenses. In her reply brief, however, claimant explains that the charge is for psychological testing. The cost of the testing of $250 should be allowed.

Conclusion

For the foregoing reasons, IT IS RECOMMENDED that attorney's fees in the amount of $4403.75 be awarded and ordered paid.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing.  Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 9th day of April 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE